# Hoodmacher *v.* Lehigh Valley Railroad Company, Appellant.

*Negligence—Railroads—Death—Right of action—Parties—Conflict of laws.*

An action for damages for injuries causing death being entirely statutory must be brought by the person to whom the right is given by the statutes of the state where the cause of action arose.

In an action against a railroad company to recover damages for the death of a trainman, where it appears that the negligence which was the proximate cause of the accident began in Pennsylvania and continued until the accident occurred in New Jersey, and it also appears that the injured man was brought back to Pennsylvania where he died as the result of his injuries, the action is properly brought in Pennsylvania by the widow for the benefit of herself and child.

Argued April 12, 1906. Reargued April 15, 1907. Appeal, No. 118, Jan. T., 1906, by defendant, from judgment of C. P. Luzerne Co., May T., 1902, No. 762, on verdict for plaintiff in case of Mary E. Hoodmacher and Florence M. Hoodmacher, widow and minor child of George B. Hoodmacher, v. Lehigh Valley Railroad Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before HALSEY, J.

At the trial it appeared that the deceased, a flagman, was injured by an explosion of a locomotive belonging to the defendant, at Bloomsbury, New Jersey, on May 15, 1901. The evidence tended to show that the company had failed properly to inspect and repair the locomotive at the company's roundhouse in Easton, Pennsylvania.

Verdict and judgment for plaintiff for $7,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*J. B. Woodward,* of *Woodward, Darling & Woodward,* and *H. W. Palmer,* for appellant.—The case should not have gone

to the jury because the accident happened in New Jersey, and the suit was brought in the name of the parties to whom the right of action is given in Pennsylvania : Usher v. West Jersey R. R. Co., 126 Pa. 206.

*John T. Lenahan,* with him *Charles Orion Stroh,* for appellees.—This case is ruled by Derr v. Lehigh Valley R. R. Co., 158 Pa. 365.

The doctrine of liability contended for by us, under the Derr case, is in line with the following cases from other states : VanDoren v. Penna. R. R. Co., 93 Fed. Repr. 260 ; The Strabo, 90 Fed. Repr. 110 ; Lindstrom v. International Nav. Co., 117 Fed. Repr. 170 ; Heaven v. Pender, L. R. 11 Q. B. Div. 503 ; R. R. Co. v. Derby, 55 U. S. 468.

OPINION BY MR. CHIEF JUSTICE MITCHELL, May 24, 1906 :

This case is ruled by Usher v. West Jersey R. R. Co., 126 Pa. 206, in which it was held that an action for damages for injuries causing death, being entirely statutory, must be brought by the person to whom the right is given by the statutes of the state where the cause of action arose. In the syllabus of that case, the expression is that the action must be brought by the person to whom the right is given by the statutes of the " state where the injuries were inflicted." For the facts in that case the expression is entirely accurate, for the injuries and the death both occurred in New Jersey. But the more general expression, " the state where the cause of action arose," is the better one. The learned judge below appears to have been misled by the assumption that an exception to this principle has been established in Derr v. Lehigh Valley R. R. Co., 158 Pa. 365. But no such question arose in that case, for the decedent, for whose death the action was brought, died in Pennsylvania, and, if an action lay at all, it was in this state and under our statute. In that case the injuries were received in New Jersey and the action was sought to be sustained by showing that the negligence, which was the proximate cause, began in this state and continued till the injuries were actually inflicted. A nonsuit was sustained for the failure of evidence on this point. " Unless a negligent act or omission in Pennsylvania," said McCOLLUM, J., " which was directly responsi-

ble for the injury received in New Jersey, is shown by the evidence, there is no question of jurisdiction to be considered. If the evidence is insufficient to warrant an inference of such negligence the nonsuit must be sustained."

In the present, as in the Derr case, the plaintiff based the right of recovery on the evidence of the initial negligence of the defendant in this state which continued and became part of the proximate cause of the death. In this case the jury so found. But this view overlooks the fact that in the present case that is not a controlling element. In the Derr case, as already said, the death occurred in this state, and if the proximate cause was negligence also occurring in this state, the conditions of the statute, giving the widow a right of action, would all have been met. But here, the essential condition of death in the state, is lacking. No matter how great the negligence of the defendant, nor where it began or continued, there was no cause of action to anybody until an injury was received. As soon as the decedent was injured he had a common-law right of action, which was transitory and enforceable in any common-law jurisdiction where defendant could be served. But when he died without having brought suit, his right died with him, there was no survivorship to anyone. By statute a new right arose, derivative in its nature and not maintainable when if he had lived he could not have recovered, yet, nevertheless, a new right, resting entirely on statute, and vested in the party to whom it is given by the statute of the jurisdiction in which it arose.

Plaintiff's decedent having died in New Jersey, if there had been no statute in that state providing for a new action, there would have been no right in anyone anywhere, but the statute having given the right to the decedent's representatives, they, and they alone can assert it.

Judgment reversed.

On petition for re-argument it was shown that decedent after the accident in New Jersey was brought back to Easton and died there.

On the reargument the following opinion was delivered by MR. CHIEF JUSTICE MITCHELL, April 29, 1907:

This case was tried in the court below, and on the first argu-

ment was argued here on the theory that the initial neglig...
of the defendant occurred in this state, and continued an...
came part of the proximate cause of the accident in New Jer...
Owing to this view of the case, the fact was not disclosed ...
the deceased, though injured in New Jersey, had been brou...
home and died in this state. The judgment was, therefo...
reversed under the authority of Usher v. West Jersey R. R.
Co., 126 Pa. 206. It being now shown to the court that the
death occurred in Pennsylvania, the case is directly w...
Derr v. R. R. Co., 158 Pa. 365, and was properly broug...
the widow for the benefit of herself and child.

The order heretofore made reversing the judgment ...
court below, is now rescinded, and the judgment is affi...