RYLEY et al. v. PHILADELPHIA & R. RY. CO.

(District Court, S. D. New York. November 12, 1909.)

ADMIRALTY (§ 22*)—JURISDICTION—TORTS.

Injury to a person caused by a collision in the Delaware River, resulted in his death on shore. *Held*, that there was no jurisdiction in admiralty to award damages.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. § 223; Dec. Dig. § 22.*

Jurisdiction of torts, see note to Campbell v. H. Hackfeld & Co., 62 C. C. A. 279.]

(Syllabus by the Judge.)

In Admiralty. Action by Jennie M. Ryley and others against the Philadelphia & Reading Railway Company. Exceptions sustained.

Carpenter & Park, for libellants.

Armstrong, Brown & Boland and James F. Campbell, for respondent.

ADAMS, District Judge. This action was brought by Jennie M. Ryley, widow of the late James Ryley, by Thomas W. Ryley, son of the same, Frances F. Trevena and Lucy J. Taylor, daughters of the same, against the Philadelphia & Reading Railway Company to recover damages, claimed to amount to $10,000, for the death of the said James Ryley, on January 26, 1909.

It is alleged in the libel that the said James Ryley, on the said date, was master of the barge Bethayres, bound from Philadelphia to an eastern port, in tow of the tug Catawissa, both tug and barge being employed by the respondent in transporting coal from Philadelphia to other ports on the Atlantic coast; that the other libellants were a son and daughters of the said James Ryley; that the tow left Philadelphia, the Bethayres being the second of three barges and proceeded down the Delaware River; that Ryley, together with three members of the crew, went forward in order to pay out the hawser of the barge to obey the orders of the master of the tug; that after paying out considerable hawser a signal was given to the tug to slacken her speed in order that those on the barge could make the hawser fast to the bitts of the barge; that the tug at the time was proceeding at a rapid speed and no response being received from the tug another signal by whistle was given to the tug and immediately thereafter a third signal was given by whistle; that no response was given by the tug to the signals and she continued on without any reduction of speed; that the mate and crew of the barge were unable to take the necessary turns around the bitts and when all of the hawser had been pulled out, it parted within a few feet from the end where it was made fast on the barge, the loose end sweeping around the barge, cutting off the hand of one of the deck hands and striking Ryley in the abdomen, producing a fatal wound from which he died on the following morning at the Episcopal Hospital, Philadelphia. The libel then proceeds to allege the faults of the tug, and that the said Ryley left the said libellants surviving him, and further that the injuries were received while the barge was at Marcus Hook, Delaware River, within the waters of the State of Pennsylvania and within the jurisdiction of said state; that by reason of the premises the libellants have suffered the alleged damage which they claim to recover by virtue of the statute of the State of Pennsylvania (Act April 15, 1851 [P. L. 674], §§ 18, 19, as amended by Act April 26, 1855 [P. L. 309], § 1), and the acts amendatory thereof and supplemental thereto.

The respondent filed exceptions to the libel, as follows:

"That the said libel is informal and insufficient as follows:

First: That the said action is prosecuted by the widow and next of kin of the said deceased, whereas the action should be brought in the name of the widow alone.

Second: That said action is brought to recover for the alleged negligence of the master of the tug 'Catawissa,' a fellow servant of the deceased.

Third: That the death of said deceased occurred upon land within the State of Pennsylvania, and that this Court has not jurisdiction of the subject of the action."

The important exceptions seem to be the first and third.

The statute law of Pennsylvania (Act April 15, 1851 [P. L. 674]) is as follows:

"Sec. 18. That no action hereafter brought to recover damages for injuries to the person by negligence or default, shall abate by reason of the death of the plaintiff; but the personal representatives of the deceased may be substituted as plaintiff, and prosecute the suit to final judgment and satisfaction.

Sec. 19. That whenever death shall be occasioned by unlawful violence or negligence, and no suit for damages be brought by the party injured during

his or her life, the widow of any such deceased, or if there be no widow the personal representatives, may maintain an action for and recover damages for the death thus occasioned."

The Act of 1855 (P. L. 309) is as follows:

"That the persons entitled to recover damages for any injury causing death, shall be the husband, widow, children or parents of the deceased, and no other relative; and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy, and that without liability to creditors.

Sec. 2. That the declaration shall state who are the parties entitled in such action; the actions shall be brought within one year after the death, and not thereafter."

It seems that the right of action was with one of the parties, i. e., in this case the widow. The Huntingdon & Broad Top Co. v. Decker, 84 Pa. 419, 425. Therefore the exception seems good but I prefer to depend upon the third exception, which raises the question whether an injury happening upon a vessel but the result from it occurring upon land, in this case the Episcopal Hospital, Philadelphia, is within the jurisdiction.

It was said in Mann v. Weiand, *81 Pa. 243, 256:

"This action is not by or against an executor, administrator, or guardian; nor is the assignor of the thing in action dead. There is no assignment, either actually or constructively. If an action had been brought by Weiand to recover damages for injuries he had sustained, it would have survived to his personal representatives under the eighteenth section of the act of April, 1851, supra; and after his death the plaintiff in error would not have been competent to testify to matters which occurred during the life of Weiand. This action, however, was not brought by him, nor is it for the recovery of damages for injuries he sustained; but it is for the injuries his wife sustained by his death. It is for a cause of action her husband never had. It arose on and after his death, and accrued to his widow. In case of injury causing death, the first section of the act of April 26, 1855 (Purdon's Dig. p. 1094, pl. 3), withholds the right of action from the personal representatives of the decedent, and gives it only to the husband, widow, children, or parents of the deceased."

And in Hoodmacher v. Lehigh Valley R. Co., 218 Pa. 21, 23, 66 Atl. 975, 976, it was said:

"As soon as the decedent was injured he had a common-law right of action, which was transitory and enforceable in any common-law jurisdiction where defendant could be served. But when he died without having brought suit, his right died with him; there was no survivorship to any one. By statute a new right arose, derivative in its nature and not maintainable, when, if he had lived he could not have recovered, yet, nevertheless, a new right, resting entirely on statute, and vested in the party to whom it is given by the statute of the jurisdiction in which it arose."

In the admiralty, it has become well settled that where damages or death occur, it is not sufficient that the wrong originated upon the water. If it was not consummated upon the water, jurisdiction does not exist.

It was said by Mr. Justice Nelson in The Plymouth, 3 Wall. 20, 34, 18 L. Ed. 125:

"This class of cases may well be referred to as illustrating the true meaning of the rule of locality in cases of marine torts, namely, that the wrong and injury complained of must have been committed wholly upon the high seas or navigable waters, or, at least, the substance and consummation of the same

must have taken place upon these waters to be within the admiralty jurisdiction. In other words the cause of damage, in technical language, whatever else attended it, must have been there complete."

This has been followed in numerous cases and may be regarded as settled law. It is not necessary to consider the second exception as the others are sustained.