## Howard v. The Bell Telephone Company of Pennsylvania.

*Ward C. Henry*, for plaintiff; *Benjamin O. Frick*, for defendant.

KUN, J., August 3, 1931.—This is an action in trespass filed February 23, 1927, by a widow, alleging that her husband died February 27, 1926, as a result of injuries sustained by him on September 28, 1905, alleged to be due to the alleged negligence of the defendant. On April 30, 1927, plaintiff filed her petition and obtained a rule thereon upon the defendant to show cause why the court should not determine in advance of a jury trial whether or not she had a right at law to bring her action. The petition in effect asked for a declaratory judgment on the question of whether or not the plaintiff's action was barred by the statute of limitations. It was the opinion of the court that the question could not be raised in that way, and on June 4, 1929, the rule to show cause was discharged. On June 23, 1931, defendant filed an affidavit of defense raising the question of law that inasmuch as a suit by plaintiff's decedent was at the time of his death barred by the statute of limitations, the plaintiff widow had no right or cause of action against the defendant. This seems to us a proper manner in which to raise the question. The plaintiff has no common-law right of action. Her right depends on statute. Where a right depends on statute, if defendant shows by the record that the action was not brought within the time fixed by the statute, the court can so declare *in limine:* Martin *v.* Pittsburgh R. R. Co., 227 Pa. 18, 21; First Pool Gas Coal Co. *v.* Wheeler Run Coal Co., 301 Pa. 485; Ratto *v.* Pennsylvania Coal Co., 17 Pa. Superior Ct. (Adv. Rep., Unof.) 82.

On the merits of the question as to whether or not the plaintiff has the right to maintain her action, it seems to us that the assertion of the right of plaintiff under section nineteen of the Act of April 15, 1851, P. L. 669, 674, is based on a misconception of the act which, it must be conceded, has been considerably induced by the use of the phrase in some of the cases, referring to the right of the widow to maintain such a suit as a "new cause of action." Section two of the Act of April 26, 1855, P. L. 309, provides that where in such case no suit for damages has been brought by the party injured during his

lifetime, the widow or personal representative must file the action within one year of the death of the injured person and not thereafter. The determination of the question depends on the nature and character of the right of action given by these statutes to the widow. As stated, some of the cases have referred to the right as "a new cause of action," and this description of the right is used interchangeably with the description of it as a new "right of action." A thoughtful analysis of the nature of the new right must lead to the conclusion that it is not a new "cause of action" which was created, in the generic sense of the word "cause," for the cause of the action could be nothing else but the alleged negligence of the defendant which resulted in the death. A "cause of action" is that which creates the necessity for bringing the action: Skelton v. Lower Merion Township, 298 Pa. 471, 474. What the legislature did by the nineteenth section of the Act of 1851 was to give parties a right of action who had none before to meet the common-law rule that the right to a cause of action on account of alleged negligence, where no suit had been brought by the injured person in his lifetime, came to an end or abated with the death of the injured person.

The act, however, did not create a new right of action in the sense of an additional right of action. The widow does not have a right of action separate and apart from or additional to the right had by her husband. Under the act, two actions cannot be maintained for the same injury; so, although the husband had not brought a suit in his lifetime, yet the widow could not sue after the death of her husband where it was shown that he had settled his claim and had given the defendant a release although she had an apparent right to do so under the literal wording of the statute: Hill v. Pennsylvania R. R. Co., 178 Pa. 223. The reason is that he had exhausted his right, so that nothing passed to his widow and she could not base any claim on the same "cause" of action thereafter.

Manifestly, the purpose of the legislation was to prevent the expiration of the right by the death of the injured person. That obviously presupposes the existence of a right of action in him at the time of his death, so that if by his own act he had disposed of his right, it had no existence at the time of his death and there was nothing the statute could preserve for the widow. In short, the legislation cannot be construed so as to give the widow a greater right than the husband would have if living. Certainly, any defense such as contributory negligence, or assumption of risk on the part of the deceased husband, would be available to the defendant in a suit by the widow; that must be conceded, so that it was decided in the Hill case, because the conclusion was inescapable, that where the husband had settled his case in his lifetime, he had put an end to his cause af action, so that there was no right existing at the time of his death which could go to the widow and upon which she could base a suit.

What, then, is the effect of the prior determination of the right of action by operation of law following the injured person's inaction in failing to assert a claim by bringing suit within the time fixed by the statute of limitations for the filing of such suits? The logic of the situation leads us to exactly the same conclusion as that reached in the case where the husband had settled his suit and had given the defendant a release. Because of that fact, there was no longer a right of action in the case at the time of his death, and, therefore, no right passed to the widow. The death of the husband did not give the widow a new cause of action. We regret that we must disagree with the other conclusion reached by the Circuit Court of Appeals of the United States of this circuit, in an opinion of the able jurist, Judge Woolley, of that court:

Preston *v*. Western Union Telegraph Co., 250 Fed. 480. It was held by the court in that case that whatever the lapse of time since the occurrence, the widow has a right of action under the Acts of 1851 and 1855 following her husband's death, though his right has long since been barred by the statute of limitations in his lifetime. The quotation from the Hill case included in the opinion, which the learned judge conceives to be an intimation that the Supreme Court of Pennsylvania would support his construction of the statute, does not justify that assumption, in our opinion. For instance, the federal court refers to the right of the widow as "a new and altogether independent right of action." The right of action is undoubtedly new, but it is not "altogether independent." Quite to the contrary, we would say it is altogether "dependent," that is to say, dependent upon the fact that the husband had not brought suit in his lifetime or had not settled the claim even though he had not brought suit, all of which means that the right of action depends on the existence of a right of action in him at the time of his death, which leads us to hold that if the right had ceased to exist, for whatever reason, and in this instance by operation of law, being barred by the statute of limitations, which had ended the right or which would constitute an absolute defense to the suit on that ground, no right or cause of action passed to the widow, or if she asserted the right, the plea of the statute would be an absolute defense to her suit.

By the statute of limitations, the husband's right of action expired two years after the alleged act of negligence—the date of which is given as September 28, 1905. Any right of action which the deceased had expired on September 28, 1907. To hold that where in such a case the injured party died some twenty years afterward, the widow could within a year thereafter file suit against the defendant and maintain it, would be to hold that a cause of action which was legally dead could be revived by the death of the injured person, so as to pass to his widow or heirs. We cannot follow that reasoning.

As we have said, we can find no intimation in the Hill case which justifies the opinion that our Supreme Court would support Judge Woolley's construction of our statutes. We hold that there is almost direct language in the opinion of our Supreme Court in that case which leads to the contrary view. For instance, in the Hill case (178 Pa.), at the top of page 230, it is said: "In other words, without these acts a cause of action for a specific act of negligence would have died with the person and there could then be no recovery by anybody. But that consequence of the existing state of the law it was desired to avert and, under the acts, the action does not die but survives to certain persons named. But it is an action for the same injury, and upon the basis of the same negligence. The acts accomplish the *preservation of a right* of recovery but *they do not give*, or assume to give, *another and additional remedy* to other parties for the same injury." That is the touchstone, "preservation of a right." Manifestly, there could be no preservation of a right which had ceased to exist.

In a later case, Hoodmacher *v*. Lehigh Valley R. R. Co., 218 Pa. 21, Chief Justice Mitchell, with his usual clarity of expression, indicated the nature of the widow's right in such a case as this, clearly negativing the contention that her right is altogether independent, in the sense in which the federal court so decided, and that it could exist, notwithstanding the husband's right of action had long since ceased, because barred by the statute of limitations. The Chief Justice said (page 23): "By statute a new right arose, *derivative* in its nature and not maintainable, when if he had lived he [decedent] could not have recovered. . . ."

Agreement with our view is found in a very recent decision of the Supreme Court of the United States, Flynn *v.* N. Y., N. H. & H. R. R. Co., 283 U. S. 53, 72 A. L. R. 1311, wherein a cause of action such as the one in the instant case is likewise referred to by Mr. Justice Holmes as "derivative and dependent upon the continuance of a right in the injured person at the time of his death," and it was held that the right of action of the decedent being barred at the time of his death, no action could be maintained by his widow on account thereof thereafter. No reference in that case is made to the Hoodmacher case in which Chief Justice Mitchell used the same descriptive term "derivative," neither is reference made to the Preston case decided by the circuit court of appeals of this circuit, which must be considered as overruled in principle by the Supreme Court of the United States. Our conclusion, therefore, is that where a man has been injured through alleged negligence and he has not filed suit within the statutory limitation of two years, and he thereafter dies, his widow cannot under section nineteen of the Act of 1851 and section two of the Act of 1855 maintain a suit against the alleged wrongdoer based on the same act of negligence.

The affidavit of defense raising the question of law is sustained, and judgment is entered for the defendant. Exception noted for the plaintiff.