Mike et al., Appellants, *v.* Lian.

Argued April 14, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Lisle D. McCall,* for appellants.

*Frank G. Smith,* of *Liveright & Smith,* with him *Robert V. Maine,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 26, 1936:

Susie Mike and husband brought an action to recover damages for injuries sustained by her in an automobile accident. She was defendant's nonpaying guest in an automobile trip which started from DuBois, Pennsylvania. After proceeding into Ohio, a tire blew out causing the auto to upset, resulting in the injuries complained of. It was averred that defendant, the owner and driver, was negligent in operating a car with defective tires. The tire that blew out was over five years old, had never been inspected, and there was testimony to the effect that it was unsafe for travel due to its age and condition. Defendant's request for binding instructions was refused. The jury failed to agree on the issues submitted, and defendant moved for judgment on the whole record which the court ordered. This appeal followed.

The court below determined the criterion of care by the law of Ohio and held that no recovery was permitted

on these facts by the law of that State. Its governing statute provides: "The . . . person responsible for the operation of a motor vehicle shall not be liable for . . . damage arising from injuries to . . . a guest . . . transported without payment therefor . . . resulting from the operation thereof, unless such injuries . . . are caused by the wilful or wanton misconduct of such . . . person . . ." (Page's Annotated Code, Section 630806). While the statute refers to "injuries . . . resulting from . . . operation" it was not intended to lay down one measure of care for mere operation or driving and another for the condition of the vehicle causing an accident while in operation. The Act covers both. In the absence of proof of its interpretation by the courts of Ohio, it is within our power to do so: *Restatement, Conflicts,* Sec. 621, comment c. Moreover it is clear that it is the coalescence of the condition of the tires together with the operation which produced the accident, and, as operation was an efficient cause in producing the injury, the statute must be held to apply.

The Ohio Supreme Court has defined wilful misconduct and wanton negligence in *Reserve Trucking Co. v. Fairchild,* 128 Ohio 519, stating: "Wilful misconduct . . . implies the element of intent or purpose to injure. 'Wanton negligence' on the other hand implies the failure to exercise any care toward those to whom a duty of care is owing when the probability that harm will result from such failure is great and such probability is actually known to the defendant." Tested by the standard so defined, appellee's conduct was not wilful or wanton. The jury could not be permitted to come to any such conclusion and the court below, after determining that the law of Ohio applied, correctly withdrew the question from its consideration.

There was no error in applying the law of Ohio. The *Restatement, Conflicts,* Section 379, states that the law of the place of wrong determines whether a person is responsible for unintended harm. Section 384 (2) reads:

"If no cause of action is created at the place of wrong, no recovery in tort can be had in any other state." Our more recent decisions are in accord with the rule thus stated: *Singer v. Messina*, 312 Pa. 129, 137; *Dickinson v. Jones*, 309 Pa. 256; see also *Young v. Massi*, 289 U. S. 253, 258; *Hall v. Hamel*, 244 Mass. 464, 138 N. E. 925; *Beale, The Conflict of Laws*, p. 1286 *et seq.*

It is argued that the wrong occurred in this state because the alleged negligent act commenced in this state and our rule governing the duty of a driver to a guest should therefore control. If it is assumed that it was negligence to commence and continue the trip with unsafe tires so that the action for negligence originated in Pennsylvania, our law would still not apply. As stated by Chief Justice MITCHELL in *Hoodmacher v. Lehigh Val. R. R. Co.*, 218 Pa. 21: "No matter how great the negligence of the defendant, nor where it began or continued, there was no cause of action to anybody until an injury was received." To constitute a tort there must be an injury; mere negligence establishes no right of action. The place of wrong is, and the tort must be deemed to arise, where the injury is inflicted, not where the negligent acts leading to it were committed. Thus in *Otey v. Midland Valley R. Co.*, 197 Pac. 203, plaintiff sued for damages caused by a fire set by sparks from defendant's engine. The damage was done to plaintiff's farm in Oklahoma, which bordered on the Oklahoma-Kansas State line. The sparks had been given off by defendant's train while traveling in Kansas. It was held that the Oklahoma law applied. In *Alabama G. S. R. Co. v. Carroll*, 11 So. 803, plaintiff was employed as a brakeman on defendant's trains, running from Alabama to Mississippi. The trains proceeded from Alabama with a defective link connecting two of them. It broke when the trains reached Mississippi, causing injury there to the plaintiff. The court ruled that the law of Mississippi controlled plaintiff's action. This view finds support in other authorities. *Restatement, Conflicts*, Sec. 377, Note;

*Goodrich, Conflict of Laws,* page 191; *Connecticut Valley Lumber Co. v. Maine Central R. R. Co.,* 78 N. H. 553; see *Leonard v. Decker,* 22 F. 741; *Moore v. Aywell,* 29 App. D. C. 312.

It is insisted that *Hoodmacher v. Lehigh Val. R. Co., supra,* and *Derr v. Lehigh Val. R. Co.,* 158 Pa. 365, conflict with these principles. As these cases concern themselves with a statutory cause of action for death, they are susceptible to the application of a different principle from that governing the ordinary common law trespass, although it is not meant to be asserted here that a different principle should apply. In the statutory death action there is a possibility of fixing the place of wrong by any one of three incidents, namely, place of negligence, place of injury and the place of death. In the common law trespass there is only the place of injury and the place of negligence.

A careful examination of the *Hoodmacher* and *Derr* cases, *supra,* and of *Centofanti v. Penna. R. R. Co.,* 244 Pa. 255, discloses an apparent conflict in the theory applied to the determination of the applicable law where more than one jurisdiction is involved. Disregarding the broad language which was employed in them, a careful analysis shows that the only actual inconsistency with the rules above enunciated occurs in the decision on the reargument of the *Hoodmacher* case, where the court, apparently influenced by the fact that this was a death action, seized upon the place of death as determining the applicable law. It should be pointed out, however, that as time brought about a further clarification of the theory underlying the statutory death action, our court has placed more emphasis on the place where the injuries are received than on the place where the death occurred, because as stated in the *Centofanti* case ". . . the cause of action contemplated by the statute is the tort which produces death and not the death caused by the tort."

358

Without arriving at any final conclusions with regard to the conflict of laws principle which is to govern the statutory death action, it is clear that in the instant case, a common law trespass, the wrong took place in Ohio and the law of that state was properly applied.

Judgment affirmed.