Kirby et al., Appellant, *v.* Carlisle.

Argued April 12, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Frances A. Muracca,* for appellants.

*Kim Darragh,* with him *George Y. Meyer,* for appellees.

OPINION BY WOODSIDE, J., July 21, 1955:

The question here is whether the jury was justified in finding that the minor-plaintiff suffered no injuries for which damages should be allowed when she was struck by an automobile being negligently operated by the defendant.

The verdict read "guilty of negligence but no damages allowed to the plaintiff for injuries or loss of services because there were no injuries sustained by the minor plaintiff." President Judge McNAUGHER of the Court of Common Pleas of Allegheny County, before whom the case was tried, molded this to be a verdict for the defendant and entered judgment accordingly.

The plaintiffs filed a motion for a new trial on the grounds that the verdict was against the evidence, the weight of the evidence, the law, the charge of the court, and that the trial judge erred in withdrawing from the jury's consideration the question of permanent injuries alleged to have been suffered by the minor-plaintiff. Argument on this motion was heard by four judges and the motion denied. This appeal followed.

An automobile was being operated by the defendant alongside a street car for some distance in the City of Pittsburgh. When the street car stopped at Shady Avenue and Forbes Street the minor-plaintiff, then thirteen years of age, alighted from the front door. The defendant was unable to stop his automobile, but turned it away from the girl. As he did either the left front bumper or the side of the automobile grazed her, but did not knock her down. The defendant stopped his car within a few feet after the contact.

Counsel for defendant makes no claim that his client was free from negligence or that the child was guilty of contributory negligence. The only question

is whether the child sustained an injury for which the plaintiffs were entitled to damages.

To constitute a tort there must be an injury. *Mike et al. v. Lian,* 322 Pa. 353, 356, 185 A. 775 (1936). See also *Hoodmacher v. Lehigh Valley R. R. Co.,* 218 Pa. 21, 23, 66 A. 975 (1907), *Sullivan v. Old Colony Street Railway Co.,* 200 Mass. 303, 86 N.E. 511 (1908).

A mere collision, if not sufficiently violent to cause any damage or injury, creates no legal liability, because an action for negligence lies only if injury or damage is caused by the negligence. *Jeloszewski v. Sloan,* 375 Pa. 360, 364, 100 A. 2d 480 (1953).

The burden is upon the plaintiffs to make out their case by a fair preponderance of the credible evidence. They must not only prove that the defendant was negligent but they must prove that the negligence caused an injury to the minor-plaintiff for which they are entitled to recover damages. Proof of one without the other affords no right to recovery.

Even if the minor-plaintiff was injured, it is possible that the injury could be so slight that the jury would be justified in refusing to award any damages. Nominal damages to vindicate a technical right, cannot be recovered in a negligence action where no actual loss has occurred. See Prosser on Torts, pp. 177-8 and cases there cited.

In *Millenson v. City Stores Company,* 382 Pa. 39, 114 A. 2d 80, handed down by the Supreme Court May 23, 1955, that court *reversed the lower court* which had granted a new trial because the jury had refused to award the plaintiff any damages in a case where an assault and battery was not denied. Justice BELL speaking for the court said: "If plaintiff's evidence was believed, defendant was technically guilty of assault and battery. However, even if it was believed, and the jury did not have to believe it, the 'patting' of his pockets

was such a trifling battery that the jury realistically gave a verdict to defendant instead of awarding plaintiff 6¢ damages. That did not justify the grant of a new trial."

In reviewing the evidence on damages we need refer only to such of the testimony, including the reasonable inferences deducible therefrom, as supports a finding that no injury was sustained by the minor-plaintiff for which the plaintiffs are entitled to damages. *Richmond v. Otter*, 364 Pa. 191, 70 A. 2d 314 (1950).

Viewed in this light the evidence shows that immediately after the accident the girl said she was not injured. She was nevertheless taken to the hospital and examined by a physician. The hospital record shows that the only injury found on her body was a slight bruise of the calf of the left leg. Four days later she was sent to her own physician. He found that she had a bruise over the left calf and complained of her back bothering her. He examined her and concluded she was in need of no treatment because he "didn't think there was much to the condition."

In the complaint filed six months after the accident no reference was made to a back injury. The complaint was subsequently amended.

The minor-plaintiff and her parents claim that the girl gets a backache when she types and when she irons, and gets tired easily and must frequently rest and suffers similar disability which they attribute to an alleged back injury caused by the accident.

The plaintiff called two physicians, Dr. M. B. Weber who first saw her 18 days after the accident and who said the child had a severe low back sprain and had been permanently injured, and Dr. A. J. Rosen who first saw her 6 months after the accident and testified she was suffering from a back injury, and prescribed physical therapy.

The question of her injury like the question of negligence was a factual matter for the jury's determination. The credibility of witnesses is for the jury. The jurors may not have believed the testimony of the plaintiffs and their two physicians concerning the girl's condition, or they may not have been satisfied from the evidence that any back injury from which she might have been suffering sometime after the accident was related to or caused by the accident.

If the courts were to hold that a jury *must* believe the testimony of a plaintiff and his witnesses concerning injuries there would be no way for a defendant to protect himself against fraudulent claims for injuries which never occurred.

President Judge McNAUGHER who tried the case, and thus saw and heard the witnesses, could have granted a new trial had he concluded that the jury capriciously ignored credible evidence of damage. He, and his colleagues who sat with him in the argument, did not deem this action proper. We have not been convinced that their failure to take such action was wrong.

The appellants also complain that the lower court improperly removed the question of permanent injury from the jury. The plaintiffs' two medical experts disagreed on whether the injuries were permanent, Dr. Weber saying that they were, and Dr. Rosen saying they were not.

The lower court held on the authority of *Mudano v. Phila Rapid Transit Co.,* 289 Pa. 51, 60, 61, 137 A. 104 (1927) that the question of permanent injury could not be submitted to the jury because there was an absolute contradiction on this point in the essential conclusions of the medical experts offered by the plaintiffs. Since the jury found there was *no* injury, the question of whether *an* injury was permanent or not is immaterial.

Judgment affirmed.