J-A05005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LANE R. JUBB | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY M. KOLMAN AND KOLMAN | : | |
| ELY, P.C. AND JOYDEEP BOSE | : | |
| | : | No. 456 EDA 2023 |
| | : | |
| APPEAL OF: TIMOTHY M. KOLMAN | : | |
| AND KOLMAN ELY, P.C. | : | |

Appeal from the Order Entered January 18, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 210100970

BEFORE: STABILE, J., DUBOW, J., and LANE, J.

CONCURRING STATEMENT BY STABILE, J.:      **FILED APRIL 23, 2024**

Like the majority, I consider this Court's prior panel decision in ***Miller v. St. Luke's Univ. Health Network***, 142 A.3d 884 (Pa. Super. 2016), to be binding on this panel. Accordingly, I concur with the majority's memorandum. I write separately to express my view that ***Miller*** was wrongfully decided, and this Court should revisit that decision through *en banc* review.

***Miller*** affirmed the entry of judgment in favor of the plaintiff in a Dragonetti[1] action even though the jury determined that the plaintiff failed to prove damages. In construing Sections 8151, 8153, and 8154 of the "Dragonetti Act", the ***Miller*** court held that a plaintiff does not have to prove damages to prevail on a claim. The ***Miller*** Court reasoned that since Section

---

[1] An action for wrongful use of civil proceedings, known as a "Dragonetti" action, is codified at 42 Pa.C.S.A. §§ 8151-8354.

8151 alone provides for the essential elements of a cause of action for wrongful use of civil proceedings, a showing of damages is not required. *Miller,* 142 A.3d at 895-896. I construe the Dragonetti Act still to require proof of damages in order for a plaintiff to obtain a judgment in his favor. By holding to the contrary, *Miller* ran afoul of (1) centuries of common law that always required a plaintiff to prove special damages to win a judgment for malicious civil suits, (2) our Supreme Court's reasoning in *McNeil v. Jordan*, 894 A.2d 1260 (Pa. 2006), and (3) the text of the Dragonetti Act itself.

The history of Anglo-American attempts to discourage malicious civil suits appears to have begun in the seventh century with the laws of Kentish kings.[2,3] Through time, these attempts evolved from a system whereby 1) a complainant unfortunate enough to lose his cause also lost his tongue, or was compelled to pay his opponent compensation, to 2) a system whereby a losing

---

[2] *See* *Groundless Litigation and the Malicious Prosecution Debate: A Historical Analysis,* 88 Yale L.J. 1218, 1221 (1979); John R. Jones, Jr., *Liability for Proceeding with Unfounded Litigation*, 33 Vand. L. Rev. 743 (1980).

[3] During the fifth century, as the Roman Empire was crumbling throughout western Europe, waves of barbarian invaders overran Britain's borders. By A.D. 410, groups of Angles, Saxons, and Jutes began crossing the North Sea from Germany and southern Scandinavia to claim land in Britain that had been abandoned by the Roman army. These tribes succeeded Rome as the dominant power in central and southern Britain, marking the beginning of what we now call the Anglo-Saxon Age, which would last for more than 600 years. *See* https://www.archaeology.org/issues/89-1305/features/735-anglo-saxon-pagan-kings-lyminge-kent The "Kingdom of Kent" (470-871 AD) was a kingdom of Jutes in southeast England and was one of the seven traditional kingdoms of the so-called Anglo-Saxon heptarchy. *See* https://royalfamily.fandom.com/wiki/Kingdom_of_Kent.

plaintiffs would pay the court a penalty, to 3) a writ of conspiracy whereby injured defendants could sue those who maliciously brought meritless actions through straw claimants, to 4) a seventeenth century action on the case for "manifest vexation" stemming from groundless suits.[4]   Against this background, the tort of malicious prosecution came into being as defined today in Britain and about a third of our states.[5]

Under the English Rule, five elements had to be proven: initiation or continuation of a prior suit, lack of probable cause for the prior action, malice in instituting or continuing the prior suit, termination of the prior action in favor of the original defendant, *and some form of damage to the original defendant beyond that normally inflicted by similar litigation*.[6]  A showing of special damages was required to eliminate the prospect of interminable suits and countersuits.[7]   Special damages included interference with the person, *i.e.* arrest, commitment under lunacy proceedings, and/or interference with property.[8]  For over a century prior to the codification of the Dragonetti Act,

---

[4] *Groundless Litigation*, *supra* n.2*,* at 1221*; Unfounded Litigation, supra* n.2*,* at 745-746.

[5] *Id.*

[6] *Id.* (citing William L. Prosser, Handbook of the Law of Torts § 120 (4th ed. 1971)).

[7] *Groundless Litigation*, *supra,* at 1221*; Unfounded Litigation, supra,* at 749.

[8] *Groundless Litigation*, *supra* n.2*,* at 1221 n.8; *Unfounded Litigation, supra* n.2*,* at 748-49.

Pennsylvania, along with approximately 17 other states, followed the "English rule" which required a plaintiff to prove as damages either an arrest of the person or seizure of property in order to state a cause of action for malicious use of civil process. *Garcia v. Wall & Ochs, Inc.* 389 A.2d 607 (Pa. Super. 1978) (citing *Kramer v. Stock,* 10 Watts 115 (Pa. 1840)). At the time *Garcia* was decided, twenty-three states did not require a seizure of person or property, and the remaining ten jurisdictions had not decided the issue. *Id.* at 608 n.1 (citing *O'Toole v. Franklin,* 279 Or. 513,569 P.2d 561 (1977)).

Close to the time of this Court's decision in *Garcia*, the drafters of the Restatement (Second) of Torts defined the tort of "wrongful use of civil proceedings." *See* Restatement (Second) of Torts (1965); Restatement (Second) of Torts, §§ 674-681(B). Section 681 of the Restatement (Second) significantly expanded the types of damages that the plaintiff could introduce to prevail in an action for wrongful use of civil proceedings. While a plaintiff still could prevail by demonstrating special damages, he also could prevail by demonstrating harm to his reputation by any defamatory matter alleged as the basis of the proceedings, the expense that he reasonably incurred in defending himself against the proceedings, any specific pecuniary loss that resulted from the proceedings, and any emotional distress caused by the proceedings. In addition, Section 681A of the Restatement (Second) allowed for recovery of punitive damages in appropriate cases.

In 1980, our Legislature enacted the statutory tort of "Wrongful Use of Civil Proceedings", a/k/a the "Dragonetti Act",[9] 42 Pa. C.S.A. §§ 8351-8354 (the "Act"), to replace the common-law tort of malicious prosecution. **See Shaffer v. Stewart,** 473 A.2d 1017 (Pa. 1984). In a significant break from case law, the Act expressly eliminated the requirement that a plaintiff prove special damages in the nature of an arrest of the person or seizure of property to maintain an action for wrongful use of civil proceedings. This was consonant with the Restatement (Second) of Torts, § 674 (1965), which does not require these elements of special damages to maintain the action but requires that *a plaintiff still must show either material harm or the violation of a legal right that is in itself sufficient to support an action for damages in a suit for wrongful use of civil proceedings*. **See** Restatement (Second) of Torts, § 674, Comment (e).

Nothing in the history of the tort, Pennsylvania's statute, or in the Restatement suggest that the tort evolved away from requiring proof of strict special damages to requiring no proof of damages at all. Nor is there anything in history to suggest that when the Act was adopted in 1980, Pennsylvania

---

[9] Nothing in the present statute or the common-law referred to this tort as a "Dragonetti" action. The name derivation, it seems, was coined in 1980, when the Legislature, in response to the lobbying efforts of a single aggrieved litigant, "Joseph Dragonetti", enacted the present-day statutory tort of "Wrongful Use of Civil Proceedings", now commonly referred to as the "Dragonetti Act". **See Villani v. Seibert,** 159 A.3d 478, 499-500, n.6 (Pa. 2017) (Donohue, J., dissenting). Mr. Dragonetti sought to abolish the old English rule within the common-law tort of malicious use of civil process. **Id.**

intended to eliminate proof of damages to maintain the action. Instead, all that history reveals is that a fairer and broader system of compensating a wrongfully sued person was deemed advisable in the codified law, rather than the unduly restrictive requirement to show special damages in the nature of seizing a person or their property under the old English rule. Thus, in **Shaffer**, where it was alleged that an attorney filed suit without probable cause and for an improper purpose (to extort a settlement), we held it was error for the court to dismiss the matter upon preliminary objections for failure to allege a seizure of property. A review of appellant's amended complaint disclosed that he alleged facts essential to the *three elements* of a cause of action for malicious use of process under Section 8531—specifically, the underlying proceedings terminated favorably to the plaintiff, the defendant caused these proceedings to be instituted without probable cause, and malice. *Id.* at 1020-21. We concluded by commenting that it remained to be seen "[w]hether he can prove those facts and whether he sustained damage." *Id.* at 1021. This statement signaled our recognition that although the law no longer required proof of damages in the nature of seizure of a person or property, damages (now more liberal in scope) still had to be proven in addition to the three essential elements under Section 8531.

My analysis of pre-Dragonetti Act common law, and of its influence on the Dragonetti Act, leads me to the conclusion that **Miller** is incorrect. A plaintiff always had the duty at common law to prove damages to obtain a judgment for wrongful civil suits. The Dragonetti Act continues to include this

duty, but in accordance with the Restatement (Second) of Torts, the Act now augments the categories of provable damages beyond the special damages required for recovery under common law. The common law underpinnings of the Dragonetti Act offer no support for **Miller**'s holding that the plaintiff is not required to prove damages to win a judgment under the Dragonetti Act. To the contrary, history reveals that a fairer and broader system of compensating a wrongfully sued person was deemed advisable instead of the unduly restrictive requirement of special damages.

Not only is **Miller** out of line with the history underlying the Dragonetti Act, but **Miller** misconstrues the Dragonetti Act as a matter of statutory construction. **Miller** claims that the Dragonetti Act transforms trial for wrongful use of civil proceedings into a "bifurcated, two phase action," in which the first phase is to determine whether plaintiff has satisfied Section 8351's elements and the second phase is to determine damages. **Id.**, 142 A.3d at 895. **Miller** seems to suggest that if plaintiff wins the first phase, he is entitled to judgment – even if it turns out after the second phase that he is entitled to zero damages. I respectfully must disagree with this construction of the Dragonetti Act.

The four sections of the Dragonetti Act provide as follows:

**§ 8351.  Wrongful use of civil proceedings.**

> **(a) Elements of action.--**A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) the proceedings have terminated in favor of the person against whom they are brought.

**(b) Arrest or seizure of person or property not required.--**The arrest or seizure of the person or property of the plaintiff shall not be a necessary element for an action brought pursuant to this subchapter.

42 Pa.C.S.A. § 8351.

## § 8352. Existence of probable cause.

A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either:

(1) reasonably believes that under those facts the claim may be valid under the existing or developing law;

(2) believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or

(3) believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party.

*Id.* § 8352.

## § 8353. Damages.

When the essential elements of an action brought pursuant to this subchapter have been established as provided in

section 8351 (relating to wrongful use of civil proceedings), the plaintiff is entitled to recover for the following:

(1) The harm normally resulting from any arrest or imprisonment, or any dispossession or interference with the advantageous use of his land, chattels or other things, suffered by him during the course of the proceedings.

(2) The harm to his reputation by any defamatory matter alleged as the basis of the proceedings.

(3) The expense, including any reasonable attorney fees, that he has reasonably incurred in defending himself against the proceedings.

(4) Any specific pecuniary loss that has resulted from the proceedings.

(5) Any emotional distress that is caused by the proceedings.

(6) Punitive damages according to law in appropriate cases.

*Id.* § 8353.

### § 8354. Burden of proof.

In an action brought pursuant to this subchapter the plaintiff has the burden of proving, when the issue is properly raised, that:

(1) The defendant has procured, initiated or continued the civil proceedings against him.

(2) The proceedings were terminated in his favor.

(3) The defendant did not have probable cause for his action.

(4) The primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based.

> (5) The plaintiff has suffered damages as set forth in section 8353 (relating to damages).

*Id.* § 8354.

These four sections of the Dragonetti Act must be read *in pari materia*. *See* 1 Pa.C.S.A. § 1932(a, b) (providing that "[s]tatutes in pari materia shall be construed together, if possible, as one statute" and that "[s]tatutes ... are in *pari materia* when they relate to the same persons or things or to the same class of persons or things"). **Miller** concludes that if a plaintiff satisfies Section 8351, he is entitled to judgment. In order to understand Section 8351, however, we must read it together with Sections 8352-8354, because all four sections are inextricably interconnected. Section 8351 states that the plaintiff is subject to liability if he "acts . . . without probable cause." 42 Pa.C.S.A. § 8351. To understand the meaning of probable cause, we must consult the definition of probable cause in Section 8352. Furthermore, we do not know who bears the burden of proving the elements in Section 8351 without consulting Section 8354, which tells us that plaintiff has the burden of proving the defendant lacked probable cause for his action. Section 8354 also tells us that plaintiff has the burden of proving "damages as set forth in Section 8353." 42 Pa.C.S.A. § 8354. Section 8353, in turn, refers back to Section 8351 by stating that the plaintiff may recover various items of damages (including but not limited to special damages) when "the essential elements of an action brought pursuant to this subchapter have been established as provided in Section 8351 ..." Moreover, Section 8353's text,

"when the essential elements . . . have been established," implicitly refers back to Section 8354, because only Section 8354 defines who has the burden of establishing these elements. Nothing in Sections 8353 or 8354 suggest a two-part proceeding, that is, one part for proving the elements of Section 8351 and one for proving damages.

Reading all four provisions of the Act *in pari materia* leads me to conclude that the intent of the Dragonetti Act is to have one proceeding, not the bifurcated proceeding contemplated in **Miller**, and to provide that the plaintiff cannot win a judgment without proving damages, as plainly stated in Section 8354. My construction of the Dragonetti Act is consistent with our Supreme Court's reasoning in **McNeil** that "[i]**n establishing entitlement to relief**, a plaintiff under the Dragonetti Act bears the burden of proving: … (5) The plaintiff has suffered damages." **McNeil**, 894 A.2d at 1274 (emphasis added). I read this observation to mean that failure to prove damages results in no relief (no judgment) for the plaintiff. **See also Kit v. Mitchell**, 771 A.2d 814, 819 (Pa. Super. 2001) ("the Legislature has delineated five factors that a plaintiff must show to succeed in the action … (5) the plaintiff has suffered damages").

In the present appeal, Appellants request that judgment for zero damages be vacated and that judgment be entered in their favor. Were we free not to follow the **Miller** precedent, I would agree. Where there is a finding of liability but no damages, the court should enter judgment in favor of the

- 11 -

defendant. ***See Kirby v. Carlisle,*** 116 A.2d 220 (Pa. Super. 1955) (where minor plaintiff was struck by an automobile, but suffered no injuries for which damages were awarded, the trial court properly molded the verdict for the defendant and entered judgment accordingly).

For the above reasons, while I concur with the Majority's ultimate decision, I urge this Court to reconsider ***Miller*** through *en banc* review.