2pw   292,
35 SC  238

## ZELL *against* 'ARNOLD.

Where the jury are *ex officio* bound to give costs, and omit to do so, the Court will
   supply the deficiency.
An action to recover damages for negligence in the execution of work, employment,
   trust or duty,  under a contract is not  cognizable  before  a Justice of the Peace.
   The proper  action  is a special  action on the case.   It is  substantially for a *tort*,
   although a *tort* deducible from the existence of a contract.
Therefore, where such action is brought in the Court of Common Pleas,  and a ver-
   dict is rendered for  less than one hundred dollars, the plaintiff is entitled to
   costs.

APPEAL from the Circuit Court of Adams county.   It was an
action on the case brought by *George Arnold* the appellee, against
*Jacob Zell* the appellant in. the Court of Common Pleas of that
county, and removed into the Circuit Court.

The plaintiff in his declaration, counted that the defendant was
a mill-wright, and for a reasonable reward, and consideration, to
be thereafter paid, undertook to build a clover mill, and carding
machine, and to level and grade the water of a certain rivulet or
brook in Betle's meadow, &c. to the dam of the plaintiff; and
did then and there undertake and agree to build said mills, and
grade and stake off said race in a skilful and correct manner.   In
consideration of the promise aforesaid, &c. yet the said *Zell*, then
and there so negligently, carelessly, and unskillfully, graded and
laid off said race and water-course, and built'said mills; and so in-
accurately and erroneously governed himself therein, and for
want of due care and skill on the part of the said *Zell*, in the
premises, the said mills thus built, &c. and the said race thus dug,
&c. cost the said *Arnold*, more money than if the same had been
skilfully done; and are totally useless and of no value to the said
*Arnold*, and the water will not flow along the said race or chan-
nel to the said dam and mills aforesaid, whereby said plaintiff is
entirely deprived of the use of said improvements, by him as
aforesaid made, &c. to the damage of the said *George Arnold*, &c.

And in the second count of the said declaration, the plaintiff
counted upon a promise of the defendant to build the said mills,
and to level the fall of the said rivulet or brook, and to report the
same correctly to the said *George*; and to mark or strike off the
said race or channel to convey and carry the water from said
brook, to the mill dam of the said *George*.   And that the said
*Jacob*, did report to the said *George*, that there was a fall of six-
teen inches from the bottom of the stream of the said rivulet to
the surface or top of the mill dam, &c.   And that the said *George*,
giving full faith and credit to the report of the said *Jacob*, &c. did
expend a large sum of money, &c. in the purchase of land and in

(Zell *v.* Arnold.)

digging and excavating the race, &c. and in building the said mills, &c.   Yet, the said *Jacob*, did then and there, negligently, carelessly, and unskillfully, level, grade, and lay off said race, &c. and build said mills, &c., that the water will not run and flow in and along and through the race aforesaid, in and to the top or surface of the mill dam of the said *George*, with a fall of sixteen inches, from the bottom of the same rivulet or brook, whereby the said *George* is entirely deprived of the use of the said mill, land, &c. by him purchased and made, &c.   To the damage of the said *George*, &c.

On the trial of the cause, a verdict was rendered for the plaintiff, for six cents damages, whereupon the Court, over-ruling a motion made to enter the judgment without costs, gave judgment for the plaintiff with full costs, from which the defendant appealed; and now assigned for error, that the Court over-ruled the motion made by him, and gave judgment with full costs.

*Fuller, Watts* and *Penrose*, for the appellant, argued, that the court erred in giving judgment for full costs, in as much as the cause of action was within the jurisdiction of a Justice of the Peace.   They contended that the plaintiff had declared upon a special *assumpsit*, and that the action was in fact, an action of *assumpsit*, and sounded in contract and not in *tort*.   But that if the action should be considered by the Court to be an action on the case, properly so called, and not an action of *assumpsit*, the plaintiff might have brought his action of *assumpsit*, waiving the *tort*, and going upon the contract, which was the foundation of his action.

By the act of the 20th of *March*, 1810, §26, *Purd. Dig.* 459, it is provided, that if any person shall commence any suit for a debt or demand, and recover less than one hundred dollars, when the cause of action is cognizable before a justice of the peace, he shall not recover costs.   By the first section of that act, *Purd. Dig.* 450, what causes of action are cognizable before a justice of the peace, are ascertained.   They are "all causes of action arising from contract, either express or implied, in all cases where the sum demanded is not above one hundred dollars."   The question presented is, did the cause of action upon which the plaintiff declared, arise from a contract either express or implied ?   There can be no doubt that the foundation of the plaintiff's action, was the contract of the defendant.   If it be considered as an implied contract, it is still within the jurisdiction of a justice.   In this view it would fall within that last class of contracts, implied by reason and construction of law, which arise from a supposition that one who undertakes any office of employment, trust or duty, contracts, with those who employ or intrust him, to perform it with integrity, diligence and skill.   3 *Black. Com.* 165.   The reme-

(Zell *v.* Arnold.)

dy for a breach of such a contract is unquestionably in the election of the plaintiff—either *assumpsit*, or case.   1 *Chit. Plea.* 89. *Elsee et al.* v. *Gatward*, 5 *T. R.* 143. In 2 *Chit. Plea.* 332, there is a precedent of a declaration in *assumpsit*, upon such a contract. *Wilsons* v. *Plummer's executors*, 4 *Peter's*, 172.   1 *Chit. Plea.* 122.   *Legaux* v. *Fearor*, 1 *Yeates*, 586.   *Cotteral* v. *Cummings*, 6 *Serg. & Rawle*, 348.   The plaintiff then might have waived the *tort* and brought his action of *assumpsit* before a justice of the peace, it being a demand of which a justice has cognizance, and therefore he is not entitled to costs on this verdict.   *Finney* v. *McMahon*, 1 *Yeates*, 248   So an action of *assumpsit* on a warrantee of a horse, was decided to be within the jurisdiction of a justice, under the acts of the 1st of *March*, 1745, and 19th of *April*, 1795.   *Sheively* v. *Wiedman*, 1 *Serg. & Rawle*, 417.

*Stevens* for the appellee

Contended that neither count, in the declaration was in *assumpsit*, and that the cause of action was not cognizable before a justice of the peace.   That here the action was a special action on the case, and that many such actions involved an implied *assumpsit*, as in the case of an escape.

The opinion of the Court was delivered by

GIBSON, C. J.—The objection at the Circuit Court was that the jury had not found costs as well as damages.   That point came up in *Stores* v. *Tong*, *Rep. & Ca. of Prac. in C. B.* 7, in which it was held that where the jury are *ex officio* bound to give costs, and omit to do so, the Court will supply the deficiency.   Here the plaintiff's right to costs is resisted on the ground that the cause of action was cognizable by a justice of the peace.   The declaration is in *case;* and although the action has grown out of a contract, it is not necessarily within the act of assembly.   No other contract formed an ingredient in the subject of it, than that implied by the law, which requires any one employed in an art or calling, to bring to the business a competent share of diligence and skill. The gist of an action on the case like the present, is not a failure to *perform*, but a failure to perform in a *workmanly manner*, which is a *tort*.   *Slater* v. *Baker*, 2 *Wils.* 359.   *Dr. Groenvelt's case*, *Ld. Raym.* 214.   An undertaking for skill and diligence is implied no further than to raise a *duty*, the BREACH of which is the *gravamen* and meritorious cause of the action.   The difference between *assumpsit* which is an action directly on the contract, and *case* which is collateral to it, is shewn by the pleadings,

(Zell *v.* Arnold.)

the general issue in the first being *non assumpsit,* and in the second, *not guilty.*   These are sometimes concurrent remedies; as in an action against a carrier who may be made to respond either immediately on the contract which affords a specific ground of action, or on the custom which raises a duty to carry the goods safely; and as the one or the other form is adopted, so may the count be joined with other counts sounding in contract or *tort.. Law of carriers,* 117.   In all cases where the action is not on the contract, but for the breach of a collateral duty, the *gist* is a personal *tort;* as where a smith pricks a horse in shoeing, or a farrier kills him by bad medicines or neglect: and it is emphatically the *gravamen* in an action against a barber for barbering his customer *negligenter et inartificialiter.* 2 *Bulstr.* 333.   That the defendant's liability arose remotely out of a contract, therefore, is by no means decisive of the question.   As was said in *Zeigler* v. *Gram,* 13 *Serg. & Rawle,* 102, the legislature had in view a contract in the popular sense of the word; not an artificial agreement depending on a fiction of law.   A special action on the case lies for what is substantially a *tort,* although a *tort* deducible from the existence of a contract.   Such was not within the view of the legislature; and we are satisfied the cause of action here was not a subject for the jurisdiction of a justice.

HUSTON, J—Dissented.

                                Judgment affirmed