J-S10029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DENISE PICCIOLI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FAUST HEATING AND A/C CO., INC. | : | No. 2532 EDA 2022 |

Appeal from the Order Entered September 6, 2022
In the Court of Common Pleas of Northampton County
Civil Division at No:  C-48-CV-2021-07544

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

CONCURRING/DISSENTING MEMORANDUM BY STABILE, J.:

**FILED MAY 5, 2023**

The Majority would affirm the trial court's grant of Faust Heating's preliminary objections to Piccioli's fifth amended complaint and dismiss the complaint in its entirety with prejudice.  Although I agree with the Majority's determination with respect to Piccioli's breach of contract and UTCPCL claims, I am constrained to dissent with regard to Piccioli's negligence claims.

The trial court found, and the Majority agrees, that Piccioli's contract count lacked legal specificity such that no recovery for breach of contract was possible.  Majority Memorandum at 11-12.  I agree.  However, somewhat curiously, despite concluding there was no enforceable contract, the Majority determined that Piccioli's negligence claims were barred by the "gist of the

action" doctrine, because Piccioli's negligence claims were "in fact based upon [an alleged] contract." *Id.* at 16 (quoting Trial Court Opinion, 9/6/22, at 8).

While Piccioli's fifth amended complaint is perhaps unartfully drafted, she does allege, *inter alia*, that Faust Heating's employee should have known the proper way to walk through an attic without stepping through a ceiling (Complaint at ¶¶ 19-20); that the actions of the employee caused significant damage (*id.* at ¶ 21); that Faust Heating owed a duty of care to Piccioli in training its employees and in its actions and/or inactions, including failure to inspect the area to prevent harm, failure to exercise reasonable care in hiring and training employees, and failure to supervise the activities of its employees (*id.* at ¶¶ 79-80(a), (c), and (g)). Further, she alleged:

> 81. As a direct and proximate result of the negligent actions of [Faust Heating] as described above, [Faust Heating] sent an [employee] to [Piccioli's] properly to perform work who was negligent, inexperienced, improperly trained, unprofessional, careless, reckless, and/or otherwise ill-prepared to perform the work in a competent manner, resulting in the [employee] stepping through the attic floor and causing damage to [Piccioli's] property[.]
>
> 82. As a direct and proximate result of the negligent actions of [Faust Heating], [Piccioli] has sustained property damages as fully forth herein.

*Id.* at ¶¶ 81-82.

As our Supreme Court has explained:

> The question presented in a demurrer is whether, on the facts averred, "the law says with certainty that no recovery is possible." *MacElree v. Philadelphia Newspapers, Inc.*, 544 Pa. 117, 674 A.2d 1050, 1054 (1996). If doubt exists concerning whether the demurrer should be sustained, then "this doubt

should be resolved in favor of overruling it." ***Bilt-Rite*** [***Contractors, Inc. v. The Architectural Studio***, 866 A.2d 279, 274 (Pa. 2005)]. Our Court's standard of review of a lower court's decision granting a demurrer is *de novo*. ***Bayada Nurses, Inc. v. Com., Dep't of Labor and Indus.***, 607 Pa. 527, 8 A.3d 866, 871 n. 4 (2010).

***Bruno v. Erie Ins. Co.***, 106 A.3d 48, 56 (Pa. 2014).

In ***Bruno***, our Supreme Court examined the gist of the action doctrine and noted:

> [O]ur prior decisions in ***Zell*** [***v. Arnold***, 2 Pen. & W. 292, 1830 WL 3261 (Pa. 1830)] and ***Krum*** [***v. Anthony***, 115 Pa. 431, 8 A. 598, 600 (1887)] underscore that the mere existence of a contract between two parties does not, *ipso facto,* classify a claim by a contracting party for injury or loss suffered as the result of actions of the other party in performing the contract as one for breach of contract. Indeed, our Court has long recognized that a party to a contract may be found liable in tort for negligently performing contractual obligations and thereby causing injury or other harm to another contracting party, ***see, e.g., Bloomsburg Mills v. Sordoni***, 401 Pa. 358, 164 A.2d 201 (1960) (finding evidence sufficient for jury to have concluded architect was negligent in failing to exercise reasonable care in performance of duties imposed by design contract), or to a third person, ***see, e.g., Evans*** [***v. Otis Elevator Co.***, 403 Pa. 13, 18, 168 A.2d 573, 575 (1961)] (elevator repair company liable for injuries to user of the elevator caused by its negligent performance of service contract with building owner); ***Farabaugh v. Pa. Turnpike Comm'n***, 590 Pa. 46, 911 A.2d 1264 (2006) (recognizing claim for negligence against construction company for injuries to a third person caused by company's allegedly deficient performance of its contractual duty of inspection).

> Consequently, a negligence claim based on the actions of a contracting party in performing contractual obligations is not viewed as an action on the underlying contract itself, since it is not founded on the breach of any of the specific executory promises which comprise the contract. Instead, the contract is regarded merely as the vehicle, or mechanism, which established the relationship between the parties, during which the tort of negligence was committed. ***See Zell***, 1830 WL 3261, at

*3 (considering action to be in tort since it was for breach of the defendant's duty to perform, in a "workmanly manner," construction activities specified by the construction contract); **Evans**, 168 A.2d at 575 ("It is not the contract *per se* which creates the duty [to avoid causing injury to third parties]; it is the law which imposes the duty because of the nature of the undertaking in the contract."); **Reitmeyer** [**v. Sprecher**, 431 Pa. 284, 243 A.2d 395 (1968)] (negligence action was based on landlord's alleged breach of his independent duty of care imposed by law, which arose because of the parties' establishment of a contractual relationship through the formation of the lease agreement, not for a breach of a duty created by the agreement itself).

**Id.** at 69-70.

Here, Piccioli asserted a claim with respect to the Faust Heating employee's negligence in failing to exercise reasonable care in the performance of his duties, resulting in him stepping through a ceiling and causing damage. As our Supreme Court stated in **Bruno**:

> If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—*i.e.*, a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract. If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

**Id.** at 68.

Because, in accordance with **Bruno**, I believe that Piccioli's negligence claims are not barred by the gist of the action doctrine, and because I do not believe that, "on the facts averred, 'the law says with certainty that no recovery is possible,'" **Bruno**, 106 A.3d at 56 (quoting **MacElree**, 674 A.2d at

1054), I would reverse the trial court's order sustaining Faust Heating's preliminary objections with respect to Piccioli's negligence claims (Counts III and IV), and would remand with instruction to Faust Heating to file a responsive pleading.  In all other respects I join in the Majority's affirmance of the trial court's order sustaining Faust Heating's preliminary objections.